UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA WINTERGRASS ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Linda Wintergrass, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Linda Wintergrass (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business here and maintains a principle place of business in this District.

### III.   PARTIES

4. Plaintiff, Linda Wintergrass, is an adult natural person residing at 342 East Main Street, Bath, PA 18014. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. In or around September 2010, the Plaintiff began receiving phone calls from the Defendant looking for "Sean."

8. The Plaintiff has no knowledge of anyone by the name of "Sean" and believes that this person was the previous owner of the Plaintiff's phone number in which she had received in the beginning of July.

9. The Defendant calls the Plaintiff at least three times a day, seven days a week using an automated dialer.

10. The Plaintiff has returned the phone messages left by the Defendant only to be put on hold for five minutes until an agent would get on the line or an answering machine would prompt the Plaintiff to leave a message.

11. The Plaintiff has spoken to agents of the Defendant as well as leaving messages on the Defendant's answering machine stating the Plaintiff's name and explaining that the Defendant has the wrong number and to stop calling.

12. The Plaintiff has explained to multiple agents of the Defendant that the Plaintiff does not know anyone by the name of "Sean," that she had just received the phone number in July, that the Defendant has the wrong number and should stop calling.

13. The Defendant's agents repeatedly tell the Plaintiff that the Defendant will update the database and remove the Plaintiff's phone number but the calls still continued.

14. On or around Saturday, October 30, 2010, the Plaintiff was awakened by a phone call from the Defendant at 9:03am.  The Plaintiff called the Defendant back and after five minutes of waiting on hold, the Defendant's agent, "Jason" got on the line.

15. The agent of the Defendant, "Jason," was very rude when the Plaintiff stated her name and tried to explain, yet again, that the Plaintiff is tired of the phone calls. As the Plaintiff began to explain the issue, agent "Jason" yelled at the Plaintiff, "Alright! Stop calling, I will remove the number!" and proceeded to hang up on the Plaintiff.

16. The Plaintiff then tried to call the Defendant back only to reach agent "Jason" again.  The Plaintiff stated, "This is Linda Wintergrass and you just hung up on me…" and again, before the Plaintiff could say anything else, the agent yelled at the Plaintiff, "Stop calling me!  I said I will remove your number!"  The Plaintiff responded to

agent "Jason" by saying, "I've heard that many times already" and before the Plaintiff could continue, the agent hung up.

17     On or around November 3, 2010 at 8:52am, the Plaintiff received yet another phone call from an agent of the Defendant named, "Jose," whom the Plaintiff told again to stop calling.  The Defendant's agent told the Plaintiff that the Defendant will remove the Plaintiff's phone number from the database.

18.    The Plaintiff feels the calls have become disruptive to the Plaintiff's daily routine and deems the relentless calls to be harassing since the Plaintiff has done her part in contacting the Defendant and informing the Defendant that the calls are being made to the wrong person.

19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.    The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

22.    The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### **COUNT I – FDCPA**

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1):  At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692d:  Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2):  Profane language or other abusive language

§ 1692d(5):  Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:  Any other false, deceptive or misleading representation or means in connection with the debt collection

    § 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against NCO Financial Systems, Inc. for the following:

  a.  Actual damages;

  d.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

26. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a.  The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b.  The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

    c.    The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  November 8, 2010    **BY:** */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

**BY:** */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff